## FRAZIER v. NORTINUS *et al.*

Trespass: BY CATTLE: FENCES. To entitle a plaintiff to recover for damages caused by defendant's cattle, while running at large, breaking into the close of plaintiff and destroying his crops, he must show that the premises trespassed upon were inclosed by a lawful fence.

*Appeal from Hamilton Circuit Court.*

FRIDAY, MARCH 29.

THIS action was commenced before a justice of the peace on written petition, in which plaintiff claims damages by reason of the cattle of defendant wrongfully breaking and entering his close and destroying his crops.

The answer, also in writing, denies specifically each allegation in the petition. There was a trial before the justice, and judgment for the plaintiff. Defendant appealed to the circuit court, where the cause was again tried to a jury resulting in a verdict and judgment for defendant. Plaintiff appeals to this court.

*J. Skinner* for the appellant.

*W. J. Covil* for the appellees.

MILLER, J. — On the trial the circuit court, in its rulings upon the admission of evidence, and in instructions to the jury, held that the plaintiff could not recover for the alleged trespasses without proving that his premises, trespassed upon, were inclosed by a lawful fence. Each of these rulings is made the basis of an assignment of error and constitute the only errors presented in argument.

This court has held that the common-law rule, that every man is required to keep his cattle upon his own premises under penalty of answering in damages for injuries committed by them while running at large, is not applicable to the wants, habits and necessities of the people of this State, nor in harmony with the genius of our institutions, and, therefore, has not been adopted, and is not the law of this State. *Wagner* v. *Bissell*, 3 Iowa, 396. And as a corrollary to this doctrine, it has been held that, in trespass for an injury done by cattle or stock running at large, the plaintiff, in order to recover damages, must show that his fence was sufficient to turn ordinary stock. *Heath* v. *Coltenback*, 5 Iowa, 490. See, also, *Alger* v. *The M. & M. R. R. Co.*, 10 id. 268. And in *Herold* v. *Meyers*, 20 id. 378, it is expressly held that where cattle are feeding upon the commons in this State, and break and enter the inclosed field of another, the owner of the close cannot maintain an action of trespass therefor without showing, if controverted, that the fence about his close was such as the statutes require.

The rulings of the court below were in strict accord with these cases, and following them the judgment must be affirmed. The writer of this opinion, however, desires to say that were this question an open one he would, *on constitutional grounds*, come to a different conclusion.

Affirmed.